NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 5 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YARELY GOMEZ ORTUNO; et al., | No. 18-73008 |
| Petitioners, | Agency Nos. A208-604-427 |
| v. | A208-604-428 |
| | A208-604-429 |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2021**
Pasadena, California

Before: GOULD, OWENS, and VANDYKE, Circuit Judges.

Petitioner Yarely Gomez Ortuno ("Petitioner") and her two minor children

seek review of the Board of Immigration Appeals' dismissal of Petitioner's appeal.[1]

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

[1] As the BIA noted, the co-petitioners are derivative beneficiaries of their mother's
asylum application, so all references to "Petitioner" herein will be to Yarely Gomez
Ortuno.

Petitioner argues that the Immigration Judge ("IJ") abdicated his role as a neutral adjudicator, erred in failing to consider that Petitioner purportedly established a nexus between a particular social group ("PSG") and the alleged harm, erred in concluding that Petitioner did not establish the basis of imputed political opinion, erred in concluding that Petitioner did not establish why she could not relocate, and failed to provide any assessment of Petitioner's application under the Convention Against Torture (CAT).[2]  We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.[3]

First, the BIA correctly rejected Petitioner's due process claim.  *See Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) ("Claims of due process violations in immigration proceedings are … reviewed de novo.").  As the Board correctly noted, Petitioner's attorney questioned her at length with little interruption, and the IJ provided the opportunity for redirect and admitted all her proffered documents into evidence.  And the BIA's non-reliance on the IJ's adverse credibility determination

---

[2] Petitioner's arguments focus exclusively on the IJ's determinations, but "[w]here, as here, the BIA conducts a de novo review of the record, our review is limited to the decision of the BIA, except to the extent that the [IJ]'s decision is expressly adopted by the Board." *Scales v. INS*, 232 F.3d 1159, 1162 (9th Cir. 2000).  We therefore do not address Petitioner's arguments that are unrelated to the BIA's grounds for its decision, including her relocation arguments and proposed PSG of "family in which others had also been murdered by a gang in Mexico." *See Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) ("We cannot affirm the BIA on a ground upon which it did not rely." (internal quotation marks and citation omitted)).

[3] The parties are familiar with the facts, so we do not repeat them here.

rendered any alleged prejudice harmless in any event. *See id.* at 741.

Second, substantial evidence supports the BIA's determination that Petitioner did not establish eligibility for asylum or withholding of removal. *See Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). The evidence does not compel a conclusion contrary to the BIA's determination that Petitioner failed to establish the requisite nexus between any protected ground and the single incident of gang violence that involved Petitioner—a late-night shooting at a bar while she, her husband, and friends were there—or why it occurred.[4] *Jiang*, 754 F.3d at 738 (noting the substantial evidence "standard of review is extremely deferential: administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary" (internal quotation marks and citations omitted)). Petitioner admits that she does not know who was involved with the shooting or why it happened. Nor does the evidence compel the conclusion that Petitioner herself was targeted. The lack of nexus to her proposed PSGs or any alleged imputed political opinion disposes of her asylum and withholding of removal

---

[4] Petitioner also discusses the murder of her brother-in-law in support of her nexus arguments, but the record does not indicate that the murder was tied to a protected ground and Petitioner admits that the murder resulted from a gang war. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (per curiam) ("Asylum is not available to victims of indiscriminate violence, unless they are singled out on account of a protected ground."); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

claims. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359 (9th Cir. 2017); *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016); 8 U.S.C. §§ 1158(b)(1)(B)(i); 1231(b)(3)(A).

Separately, with respect to Petitioner's proffered PSG comprised of "family members of a state actor involved with organized crime," the record does not compel a conclusion contrary to the BIA's determination that Petitioner failed to establish the requisite social distinction. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (whether evidence supports societal recognition of a proposed social group reviewed for substantial evidence). Neither Petitioner's summary, unsupported conclusion that "this group is not one that is easily associated with the general population," nor Petitioner's submitted documentary evidence, compels the conclusion that society recognizes this PSG. *See Diaz-Torres v. Barr*, 963 F.3d 976, 981 (9th Cir. 2020) ("Nothing in the record addresses whether Mexican society views either of [the petitioner]'s proposed social groups as distinct.… To the contrary, the evidence paints a picture of all segments of the Mexican population being adversely affected by the brutality of drug cartels.").[5]

Third, substantial evidence supports the BIA's determination that Petitioner failed to establish a likelihood of torture at the instigation or acquiescence of the

---

[5] Given the lack of nexus, we do not address whether Petitioner's other proposed PSGs are cognizable in this case.

government upon a return to Mexico. *See Guo*, 897 F.3d at 1212; 8 C.F.R. §§ 1208.18(a)(1); 1208.16. Petitioner did not present any evidence of past torture or of personal harm or threats directed at her, and sole reliance on some generalized risk of violence does not satisfy her burden for obtaining protection under CAT. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet this standard …. establish[ing] that it is more likely than not that they would be tortured if returned to Mexico.").

**PETITION DENIED**.